Chief Justice Robertson
delivered the opinion of the Court.
This is an appeal from a judgment, on a traverse to the circuit court, in a case of forcible detainer. The traverser, who was plaintiff in the warrant, obtained a verdict, that the traversee was guilty of “the forcible detainer;” and therefore, the court rendered judgment, in her favor, for the costs and the damages, (one cent) assessed by the jury.
U. B. Chambers, forappellant; Sanders, for appellee.
If no judgment for restitution, in favor of tra-verser, who is pi’tff. in warrant of forcible detainer, travel see cannot appeal. Because n« franchise or rechold is affected.
Petition for a* re"lleaiio3*
It is not necessary, oreven proper, to notice any of the various questions which have been presented by counsel. There is a preliminary objection to appeal, which is fatal to it.
There was no judgment ,for restitution! Therefore, no “franchise or free held” is affected by the judgment. The appellee could not be entitled to any process for restitution, in consequence of the judgment. She derived, from the judgment no right to land or to the possession of land, nor did the appellant lose any such right.
Therefore, the appeal was improvidently taken. In such a case an appeal will not lie. See I. Digest, section 13, 381; and Briscoe vs. Briscoe, I. Littell’s Reports, 363.
Wherefore, the appeal is dismissed with costs.

The counsel for appellant presented the following petition for re hearing.

Counsel, who were employed in this case too late to take any part in the argument, have observed the decision of the court, dismissing the ap* peal on the sole ground, that the judgment was not for restitution, and consequently, does not relate to franchise or freehold. They respectfully ask for a re hearing, grounded on the following considerations:
The judgment it is true, omits restitution, and it is frankly admitted, that if the judgment is unalterable in the court below, no appeal lies. But the main question is, can the judgment as rendered, be amended in the court below? The proceeding is one which demands, from the whole face of the record or judgment of restitution, and the costs are only an incident. The verdict is right, except the one count, and warrants the judgment of restitution.
In any motion to quash a writ of error on execution, or replevin bond, &c. if it can be amended, the court will not quash. We lay it down as a rule of practise in this court, that the court -ought not to reverse for a clerical mistake, which is amendable below. The court will presume that the court below *398 will do what it ought to do, on proper application, - and will, therefore, consider it as done. In like manner, this court for years past, ceased to supersede or reverse judgments, for errors amendable in the court ])ei0Wj except the record showed that the court below had been applied to, and had refused. In such case, this court would supersede, and reverse, and by its mandate, compel the court below to do what it ought to do, on an application to amend. Thus, if a judgment is rendered against an executor, de bonis pvopriis, when it ought to have been de bonis teslatoris, the court lias often refused a supersedeas, until the court below was applied to and had refused. This is much like that, and this court ought not to dismiss the appeal, because such judgment is not given in form, when it may be given at any moment, even pending the cause in tins court.. See what consequences may follow. This court dismisses the appeal, taken at the proper moment, because the claim of restitution is not in it. On the return of the cause to the court below, the court corrects (lie clerical misprision, and amends the judgment. The present appellant cannot then appeal, because the term at which judgment was rendered is over. The consequence is, that the-party has lost his right to appeal by a clerical misprision; and perhaps turns his possession also, unless he can get a supersedeas, and then perhaps the statute of limitations may bar his writ of error. At all events, the appellee may lie by, till the limitation is over, and then procure the amendment, and no writ of error then lies to the original judgment, nor can the amendment he reversed, because it is correct. This will operate as a screen. It is, therefore, insisted that if the judgment is amendable, the court have aright to consider that, as done, and sustain the party’s right to an appeal; otherwise by an act over which he had no control, his right is lost.
Vetition fora it leanng.
Take this, which ought to prevail, as correct,, that this court will not reverse for amendable mis-prisions, it will follow that they ought not either to sustain or dismiss an appeal for (he want of it. The question must then come down to this, is this defect in the judgment amendable? The reasoning that such amendment can be made is plausible, if not^ solid-.. *399 The offered amendment would be affirmed, and to effectuate, and not to reverse or amend the judgment.
Response to the’petition
We, therefore, trustthat'the court ought.to go into the question, whether this judgment is amendable or not. if it is, then ttie appeal lies. If itis not, then the dismission already directed is right.
MILLS & BROWN.

Mr. L. Sanders filed the following response to the petition for re-hearing.

The judgment rendered herein, at the presentterm,. dismissing the appeal, for want of proper judgment, is proposed to be set aside, and the cause heard upon its merits.
The appellee objects tothe further prosecution of the appeal, as it is properly dismissed. If the law does not authorize an appeal to the judgment of the circuit court, as rendered, no suggestions made by the counsel for the appellant, will authorize this court to maintain it. On the score of hardship, there is nothing in it. If the circuit court, shall hereafter award restitution, upon the application of the appel-lee, and the appellant has the right of possession to .the premises, he is not without remedy. Although it may not appear of record, still, the fact is, Norton has long since abandoned the premises, and they are now held by an intruder, who is the real prosecutor of this, and other appeals, between the appellee, and the Nortons.
The court will not presume, that which is hot done, will be done; this presumption will not at least be extended to the appellee, with a view to give to this court jurisdiction of a cause, which by law,it has not jurisdiction of, in the shape of an appeal, as it now stands.
It is very true, that the circuit court may deem it has the power to amend the judgment, or to award restitution on the judgment heretofore entered, but will this court presume, that the appellee, will hereafter ask for restitution, and on such presumption, maintain an appeal, which the law does not authorize. It may be, that such a process, will never be *400 asked for. Shall then, her rights be endangered, oh herself subjected to costs, on a presumption, that she will do that which she has not done. IÍ inference be indulged in, the fact, that restitution has not been awarded of asked for, would rather support the position, that it will not be asked for. It is therefore most earnestly hoped, that the decree or judgment of this court, will be permitted to stand.
■Replication lo response.

The counsel for appellant, filed the following replication to the response of Mr. Sanders.

As to how the fact stands, with regard to the possession being now in a stranger, it is a suggestion extraneous to the record, and therefore, ought not to be made.
The appellee will not assert, that the judgment is not amendable, or that sire will not apply to have it done. Lot her agree on record, that the judgment cannot be, or shall not be amended, and she may take her costs; the petition shall be withdrawn. But instead of this, it is plainly to be inferred, that she intends to ask the amendment. She says, that he may ■recover the land by other modes. Is it nothing to have possession, which, by its continuance gives right? The very fact, that the judgment can be amended, so as to give restitution, is conclusive, that the appeal is his. If the appellant had caused the judgment to be as it is, it would he right, to destroy his right to an appeal, by its being as it is. But as it is done by an officer of the law, which he could not control, it is clear be cannot be prejudiced. See Boffmrm vs. Hickman.
MILLS & BROWN.
The court on considcraiion, overruled the petition for re-hearing.